**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
March 10 2026
**JEFFREY P. COLWELL, CLERK**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Abraham Thalos,
Plaintiff,

v.

University of Denver, a Colorado nonprofit corporation;
University of Denver Sturm College of Law,
Defendants.

Civil Action No. _____

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Abraham Thalos, appearing pro se, alleges as follows:

I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1981, which guarantees all persons within the United States the same right to make and enforce contracts as is enjoyed by white citizens.
2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.
3. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Colorado and the Defendants reside in this district.

II. PARTIES

4. Plaintiff Abraham Thalos is an individual who was admitted to and enrolled in the University of Denver Sturm College of Law.
5. Defendant University of Denver is a nonprofit educational institution headquartered in Denver, Colorado.
6. Defendant University of Denver Sturm College of Law ("SCOL") is a law school operated by the University of Denver.

III. FACTUAL ALLEGATIONS

7. Plaintiff was admitted to SCOL and began attending during the Fall 2021 semester.
8. Plaintiff received a full tuition scholarship associated with diversity initiatives.
9. Plaintiff is Black.
10. The educational relationship between Plaintiff and Defendants constituted a contractual relationship including, among other things, tuition payments, scholarship benefits, academic policies, and the right to pursue a legal education.

11. During Plaintiff's enrollment, scholarship recipients discussed and understood that differing academic expectations were applied to students depending on race.
12. On information and belief, Defendants administered or tolerated scholarship policies or practices that imposed different academic standards or expectations on scholarship recipients based on race.
13. Such practices created unequal conditions affecting the contractual educational relationship between Plaintiff and Defendants.
14. In or around early 2022, campus police issued Plaintiff a trespass order allegedly related to LinkedIn posts that were said to be under investigation by the Denver Police Department as potential threats.
15. The trespass order prevented Plaintiff from entering university property and effectively prevented Plaintiff from attending classes and participating in the law school program.
16. While subject to the trespass order and the ongoing investigation, Plaintiff communicated with university administrators regarding his status as a student.
17. In a March 20, 2022 email sent during that period of exclusion, Plaintiff indicated that he did not intend to return to SCOL.
18. Plaintiff's statement was made in the context of the trespass order and the effective inability to attend campus.
19. On March 21, 2022, a university administrator notified Plaintiff that his status had been changed to "withdrawn/not returning."
20. Plaintiff later sought to resume his legal education after addressing the circumstances surrounding the earlier events.
21. On October 27, 2023, a university administrator informed Plaintiff that because his status had been changed to withdrawn, he would need to reapply through the regular admissions process if he wished to attend SCOL again.
22. Plaintiff alleges that Defendants' actions interfered with Plaintiff's ability to enjoy the same contractual rights and educational opportunities available to other students.
23. Plaintiff further alleges that Defendants maintained policies, practices, or customs that treated students differently based on race in connection with scholarship programs and academic expectations.
24. As a result of Defendants' actions and practices, Plaintiff lost educational opportunities, incurred financial harm, and experienced emotional distress.

IV. CLAIM FOR RELIEF
Violation of 42 U.S.C. § 1981

25. Plaintiff incorporates all preceding paragraphs.
26. Section 1981 guarantees all persons the same right to make and enforce contracts as is enjoyed by white citizens.
27. The relationship between Plaintiff and Defendants constituted a contractual relationship involving enrollment, tuition obligations, and scholarship benefits.
28. Defendants intentionally maintained policies or practices that treated students differently on the basis of race with respect to scholarship conditions and academic expectations.
29. These actions interfered with Plaintiff's right to enjoy the benefits of the contractual relationship on equal terms.

30. Defendants' conduct impaired Plaintiff's right to make and enforce contracts within the meaning of 42 U.S.C. § 1981.
31. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages including lost educational opportunity, financial loss, and emotional distress.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants violated 42 U.S.C. § 1981;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages as permitted by law;

D. Award costs and reasonable expenses of this action;

E. Grant equitable relief including reinstatement of Plaintiff's status as a student or other appropriate relief; and

F. Grant such further relief as the Court deems just and proper.

VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Abraham Thalos
Plaintiff, Pro Se