IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01010-LTB

ABRAHAM THALOS,

Plaintiff,

v.

UNIVERSITY OF DENVER and
UNIVERSITY OF DENVER STURM COLLEGE OF LAW,

Defendants.

---

ORDER ON MOTION FOR RECONSIDERATION AND MOTION FOR CLARIFICATION

---

On May 13, 2026, Plaintiff, a resident of Galveston, Texas, filed *pro se* an Amended Complaint for Violation of Civil Rights (Non-Prisoner Complaint) (ECF No. 10) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 11). On May 22, 2026, the Court denied Plaintiff leave to proceed without prepayment of fees or costs and ordered him to pay the $405.00 filing fee. (ECF No. 12). Additionally, the Court ordered Plaintiff to file his claims on the court-approved Complaint form. (*Id.*).

On May 28, 2026, Plaintiff filed a “Motion for Reconsideration of Order Denying Leave to Proceed Pursuant to 28 U.S.C. § 1915” (ECF No. 13) and a “Motion for Clarification Regarding Court-Approved Complaint Form” (ECF No. 14).

This Court has discretion to revise a nonfinal order prior to entry of a judgment. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."). A district court's discretion to revise its nonfinal orders is not limited by the standards for reviewing a postjudgment motion filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).

The Court denied Plaintiff leave to proceed *in forma pauperis* in this action based on the following information, which he averred to in the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (*see* ECF No. 11): Plaintiff has average total monthly income over the past twelve months of $2,600. (ECF No. 11 at 1-2). He does not indicate whether he expects to receive more or less than that amount next month. (*Id.*). Plaintiff states that his monthly expenses are approximately $2,642.17, which includes a debt consolidation payment. (*Id.* at 4-5). Plaintiff further states that he has $1,980.16 in a checking account and $4,986.29 in a savings account. (*Id.* at 2). He does not indicate how much cash he has. (*Id.*). According to Plaintiff, he has one "alleged daughter," who is one year old. (*Id.* at 3). Plaintiff further states that his "cash assets on hand are being used to negotiate settlements on other debts (namely a vehicle)." (*Id.*at 5).

In the Motion for Reconsideration, Plaintiff states that the balances in his checking and savings accounts "are not freely available discretionary assets, but are substantially committed to ongoing debt resolution obligations and active financial liabilities." (ECF No. 13 at 1). According to Plaintiff, he is subject to structured debt-resolution obligations requiring recurring payments of approximately $532.17 per month pursuant to a debt resolution agreement." (*Id.*). The Court was aware of this monthly debt resolution obligation when considering Mr. Thalos's motion to *proceed in forma pauperis* because he included the amount in his monthly expenses. (See ECF No. 11 at 4). Mr. Thalos also states that he "recently incurred a vehicle repossession deficiency balance exceeding $14,000 following the sale of collateral by a creditor." (*Id.*). He submitted a copy of the notice of this deficiency to the Court along with his motion for reconsideration. (*See* ECF No. 14-1 at 9). However, the Court notes that the deficiency notice was mailed to Plaintiff on December 18, 2025 (*see* ECF No. 14-1 at 9), months before he initiated this action and before he submitted his motion to proceed *in forma pauperis* to the Court. The status of this $14,000 deficiency liability is unclear. Plaintiff has not provided any information as to whether or when he plans to pay the debt, if he has entered into a payment plan, or if it is included in his $532.17 monthly debt consolidation payment.

The financial information provided by Plaintiff in the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 11) indicates that he has sufficient financial resources to pay the full amount of $405.00 ($350.00 filing fee pursuant to 28 U.S.C. § 1914(a) plus a $55.00 administrative fee) necessary to

commence a civil action. However, Plaintiff's statements in the Motion for Reconsideration indicate that he may have omitted important financial information. Therefore, Plaintiff's Motion for Reconsideration will be granted in part. Plaintiff will be ordered to either pay the $405.00 filing and administrative fees or submit an Amended Application for Leave to Proceed Without Prepayment of Fees and Costs (Long Form). If he submits an Amended Application, Plaintiff should include complete and accurate financial information (including how much income he expects next month, how much cash he has on hand, and how or if he plans to pay the deficiency notice of $14,000). Plaintiff is reminded that he must declare under penalty of perjury that the information contained in the Amended Application is truthful.

Accordingly, it is

ORDERED that the "Motion for Reconsideration of Order Denying Leave to Proceed Pursuant to 28 U.S.C. § 1915" (ECF No. 13) is **GRANTED IN PART** as follows: **Within twenty-one (21) days from the date of this Order, Plaintiff shall either pay the $405.00 filing and administrative fees or file a complete and accurate Amended Application to Proceed in District Court Without Prepayment of Fees or Costs (Long Form)** as directed in this Order**.** It is

FURTHER ORDERED that if Plaintiff fails to pay the full amount of $405.00 or fails to file a complete and accurate Amended Application to Proceed in District Court Without Prepayment of Fees or Costs (Long Form) within the time allowed, the action **will be dismissed without prejudice and without further notice**. It is

FURTHER ORDERED that Plaintiff's "Motion for Clarification Regarding Court-Approved Complaint Form" (ECF No. 14) is **GRANTED**. Plaintiff's Amended Complaint for Violation of Civil Rights (ECF No. 10) is not on the court-approved Complaint form. On May 22, 2026, the Clerk of Court mailed Plaintiff a copy of the court-approved Complaint form required in the District of Colorado (*see* ECF No. 12). If Plaintiff needs additional court-approved forms or applicable instructions, they can be found at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to submit his claims on the proper court-approved Complaint form **within twenty-one (21) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED June 22, 2026, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court