IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01010-NRN

**ABRAHAM THALOS,**

Plaintiff,

**v.**

**University of Denver, A Colorado Nonprofit Corporation;**
**University of Denver Sturm College of Law,**

Defendants.

---

**DEFENDANTS' EXPEDITED MOTION TO STRIKE PLAINTIFF'S THIRD AMENDED COMPLAINT**

---

**Certificate of Conferral**

Undersigned counsel conferred with Plaintiff by email on September 29 and 30 regarding grounds for a motion to strike. Plaintiff initially stated that he would consider filing a motion for leave to amend based on further conferral, but in response to a detailed email noting Defendants' bases for opposing a motion for leave, Plaintiff did not respond by the requested deadline of Noon on September 30. Defendants presume that Plaintiff opposes this motion to strike.

**Motion to Strike**

Defendants move to strike Plaintiff's Third Amended Complaint. (ECF 32.)

Plaintiff may no longer amend his complaint without leave of this Court. Under Federal Rule of Civil Procedure 15(a), Plaintiff may amend his pleading "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required,

21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Courts in this district have interpreted this Rule to mean that a plaintiff's right to amend "lapses 21 days after service of the pleading, even if a responsive pleading has yet to be filed." *Funk v. Foothills Glass, L.L.C.*, No. No. 21-cv-03336, 2022 WL 21842462, at *2 (D. Colo. Apr. 19, 2022). After that point, a plaintiff must seek leave to amend before filing another complaint. *Id.* at *2-3.

Plaintiff has now filed a fourth version of his complaint, without leave of the Court and after 21 days has passed since he served his prior complaint on Defendants. (ECF 24, filed July 31, 2026.) Defense counsel has repeatedly conferred with Plaintiff, who is proceeding pro se, on the deficiencies of his complaints. Defense counsel conferred with Plaintiff on the grounds for dismissal of the First Amended Complaint and allowed him to file a Second Amended Complaint. (ECF 31.) Yet, Plaintiff's amendments did not resolve Plaintiff's deficient allegations. Defense counsel conferred yet again with Plaintiff on grounds to dismiss the Second Amended Complaint. Plaintiff told Defense counsel that he would not further amend, and Defendants prepared to move to dismiss his claims. Plaintiff apparently changed his mind and filed his Third Amended Complaint, adding two additional claims that he had previously abandoned.[1] (Emails, Ex. A.) Plaintiff did not seek leave to amend before filing.

Under the circumstances, the Court should strike Plaintiff's Third Amended Complaint and order that he seek leave to amend (with conferral with undersigned counsel) as the rules require.

[1] Parties abandon claims that they omit from subsequent amended complaints, especially, as here, when they are allowed to amend their complaint as of right and fail to include such claims in the new operative complaint. E.g., *Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024).

*See Funk*, supra, at *2-3 (recommending that amended complaint be struck given failure to seek leave to amend); see also *Wilczek v. Rio Blanco Cnty.,* No. 21-CV-01195-RBJ, 2021 WL 4710308, at *3 (D. Colo. Oct. 8, 2021) (same). Plaintiff may be pro se, but he is still expected to follow the same rules that apply to all litigants. *Kay v Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

WHEREFORE, Defendants request an order striking Complainant's Third Amended Complaint and instructing Plaintiff to seek leave to amend before filing a new complaint, including conferral with Defense counsel on that motion for leave to amend.

Respectfully submitted this 2nd day of October, 2026.

s/ *Elliott V. Hood*
Elliott V. Hood
Rachel M. Awalt
CAPLAN AND EARNEST LLC
3107 Iris Avenue, Suite 100
Boulder, CO 80302
Phone 303-443-8010
ehood@celaw.com
rawalt@celaw.com

*Attorneys for Defendants*
*University of Denver and*
*University of Denver Sturm College of Law*

**CERTIFICATE OF SERVICE**

This is to certify that on October 2, 2026, a true and correct copy of the foregoing was filed with the US District Court of Colorado CM/ECF System with service by email to:

Abraham Thalos, abrahamrogerthalos@outlook.com
6424 Central City Blvd.
Apt. 832
Galveston, TX 77551

*s/Shelley McKinstry*
Shelley McKinstry, Paralegal