**From:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Sent:** Tuesday, September 29, 2026 10:51 PM
**To:** Elliott Hood <ehood@celaw.com>
**Cc:** Nicole Hosier <nhosier@celaw.com>; Cary Carricato <CCarricato@CELaw.com>; Rachel Awalt <RAwalt@celaw.com>
**Subject:** Re: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Caution! This message was sent from outside your organization.

Mr. Hood,

I understood Ms. Awalt's September 22 email as permitting an amendment addressing the deficiencies your office identified, rather than requiring the parties to proceed with dismissal briefing. In particular, she asked whether I intended to attempt to amend the complaint or instead oppose your contemplated motion. I submitted the Third Amended Complaint in good faith based on that understanding, not with the intention of bypassing Rule 15.

I understand from your latest email that Defendants do not consider that correspondence to have supplied consent. To resolve that disagreement without unnecessary motion practice, please confirm whether Defendants will now consent in writing to the Third Amended Complaint as submitted. If not, please identify your grounds for opposing leave so that we can confer concerning a motion under Rule 15(a)(2).

I am willing to seek leave and ask the Court to treat the submitted Third Amended Complaint as a proposed pleading pending its ruling. Please advise whether you will hold the contemplated motion to strike while we confer and I promptly seek that relief.
This proposed procedural resolution does not abandon my request to pursue the three counts or concede Defendants' arguments concerning their merits. I work full time and overtime as a mail carrier and it is my understanding that courts offer much leeway to pro se litigants in such circumstances.

Sincerely,
Abraham Roger Thalos
Plaintiff Pro Se

Get Outlook for Android

---

**From:** Elliott Hood <ehood@celaw.com>
**Sent:** Tuesday, 29 September 2026 15:18:48
**To:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Cc:** Nicole Hosier <nhosier@celaw.com>; Cary Carricato <CCarricato@CELaw.com>; Rachel Awalt <RAwalt@celaw.com>
**Subject:** RE: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer



**EXHIBIT A**

Mr. Thalos,

Please be advised that we intend to move to strike your third amended complaint, as you did not seek leave to amend the complaint as required under Federal Rule of Civil Procedure Rule 15. In our motion, we would rely on the text of Rule 15, as well as cases interpreting it such as *Funk v. Foothills Glass LLC* (attached for your reference). Please let us know if you intend to withdraw your complaint and seek leave to amend, or if you oppose our motion. Please further note that if you intend to seek leave to amend, you are required to confer with us before doing so.

Thank you.

-Elliott

---

**From:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Sent:** Friday, September 25, 2026 2:45 PM
**To:** Elliott Hood <ehood@celaw.com>; Rachel Awalt <RAwalt@celaw.com>
**Cc:** Nicole Hosier <nhosier@celaw.com>; Cary Carricato <CCarricato@CELaw.com>
**Subject:** Re: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Caution! This message was sent from outside your organization.

Third amended complaint attached

Get Outlook for Android

---

**From:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Sent:** Friday, 25 September 2026 11:29:41
**To:** Elliott Hood <ehood@celaw.com>; Rachel Awalt <RAwalt@celaw.com>
**Cc:** Nicole Hosier <nhosier@celaw.com>; Cary Carricato <CCarricato@CELaw.com>
**Subject:** Re: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

I will be submitting a 3rd amended complaint that more specifically lays out the but for causation for the claim

Get Outlook for Android

---

**From:** Elliott Hood <ehood@celaw.com>
**Sent:** Thursday, 24 September 2026 12:46:06
**To:** Abraham Thalos <abrahamrogerthalos@outlook.com>; Rachel Awalt <RAwalt@celaw.com>
**Cc:** Nicole Hosier <nhosier@celaw.com>; Cary Carricato <CCarricato@CELaw.com>
**Subject:** RE: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Mr. Thalos,

We understand your perspective and can appreciate your opposition to the motion. However, in sending the last email, Ms. Awalt was responding to your specific request to: "Please clarify the specific deficiencies Defendants contend exist in the retaliation claim as pleaded." We are not interested in engaging in a debate on the substantive issues, but are attempting to confer with you, as we must under the rules, on proposed grounds for dismissal.



EXHIBIT A

Thank you for your understanding.

-Elliott

**From:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Sent:** Thursday, September 24, 2026 11:41 AM
**To:** Rachel Awalt <RAwalt@celaw.com>
**Cc:** Nicole Hosier <nhosier@celaw.com>; Cary Carricato <CCarricato@CELaw.com>; Elliott Hood <ehood@celaw.com>
**Subject:** Re: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Caution! This message was sent from outside your organization.

Ms. Awalt,

I oppose your proposed motion and will respond to it in court once it is filed. I have already explained my position and do not believe there is a good-faith basis for continuing this repetitive email exchange. I will not respond further to emails debating these same substantive issues.

Regards,
Abraham Thalos

Get Outlook for Android

**From:** Rachel Awalt <RAwalt@celaw.com>
**Sent:** Thursday, September 24, 2026 10:10:58 AM
**To:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Cc:** Nicole Hosier <nhosier@celaw.com>; Cary Carricato <CCarricato@CELaw.com>; Elliott Hood <ehood@celaw.com>
**Subject:** RE: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Mr. Thalos,

Thank you for your prompt response. Our replies are below:

First, your Section 1981 retaliation claim lacks a but-for causal link between any protected activity and DU/DU Law's October 27, 2023 response. The Second Amended Complaint does not establish a contractual relationship with DU/DU Law at that time. By your own allegations, in March 2022 you withdrew from DU Law as a student and requested to be removed from medical leave. Those admissions preclude any enforceable contract as of October 27, 2023.

Second, you do not allege that being required to reapply through the standard admissions process differed from the process applicable to other nonstudents or that it interfered with any right to contract with DU/DU Law.

Third, the Second Amended Complaint pleads no facts showing the October 27, 2023 response was race-based. To survive Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted



EXHIBIT A

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when it pleads facts allowing a reasonable inference of liability; plausibility requires more than a sheer possibility; and conclusory allegations are not entitled to the assumption of truth. *Id*.

Finally, your email's assertion that you were stigmatized by DU's "DEI"/"affirmative action" program, has no bearing on your Section 1981 claim as pleaded. As the second amended complaint frames it, the only alleged discriminatory act is the October 27, 2023 response, the alleged scholarship practices are not a part of the claim in this action.

We are available to discuss by phone if you would like, or we are happy to continue via email, as you prefer.

Best regards,

**Rachel Awalt**
*Attorney*

**Caplan & Earnest LLC**
3107 Iris Avenue, Suite 100 | Boulder, CO 80301
P: 303-443-8010 | F: 303-440-3967
Rawalt@celaw.com
celaw.com | LinkedIn

CAPLAN & EARNEST ATTORNEYS AT LAW | BEST LAW FIRMS UNITED STATES 2026

This electronic transmission (including any attached file) contains information from the law firm of Caplan and Earnest LLC which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any review, disclosure, copying, distribution or other use of this information is prohibited.

If you have received this electronic transmission in error, please notify us immediately by telephone or by electronic mail (PostMaster@celaw.com).

---

**From:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Sent:** Tuesday, September 22, 2026 2:10 PM
**To:** Rachel Awalt <RAwalt@celaw.com>; Elliott Hood <ehood@celaw.com>
**Cc:** Cary Carricato <CCarricato@CELaw.com>; Nicole Hosier <nhosier@celaw.com>
**Subject:** Re: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Caution! This message was sent from outside your organization.

Ms. Awalt:

I oppose the contemplated motion to dismiss. At present, I do not intend to file a further amended complaint.

The Second Amended Complaint expressly asserts retaliation affecting contractual rights under 42 U.S.C. § 1981. It alleges that DU refused consideration of my 2023 medical-reentry request after receiving my complaint opposing allegedly race-based scholarship terms. Paragraphs 8–11 and 29–48



EXHIBIT A

address the contractual interests, protected activity, knowledge, challenged action, causation, and resulting injury.

Your email primarily addresses direct race discrimination. Please clarify the specific deficiencies Defendants contend exist in the retaliation claim as pleaded. I remain willing to confer further about those issues.

Moreover it seems you significantly misunderstood the second complaint as it refers to my understanding of the contractual relationship at the time of the October 2023 email.

The complaint's acknowledgment that DU notified me of a "withdrawn/not returning" status does not concede that all existing or prospective contractual rights had been extinguished. I understood the March correspondence in the context of stopping enrollment and billing for a term I would not attend. Bunker's subsequent medical-reentry instructions reinforced my understanding that I could seek consideration of a later return. The complaint expressly alleges, in the alternative, interference with a renewed enrollment relationship. Defendants' position therefore must address the alleged retaliatory refusal of consideration in October 2023, including the intervening reentry communications, rather than relying solely on my earlier withdrawal status.

To my understanding, I was still a student on medical leave when Boynton replied to my email in which I alleged I experienced being stigmatized as less academically capable by DU's "DEI"/"affirmative action" program which the court will recognize based on the Harvard decision as inherently racial discrimination. She replied to that email saying I would have to reapply in order to be considered. As far as I knew, that was when DU terminated our contractual relationship and my complaint of racially discriminatory practices that DU takes great pride in was the reason.

Thus, I see no validity to your grounds for dismissal and will gladly fight a motion to the highest court necessary on that matter.

Sincerely,

Abraham Roger Thalos

Plaintiff *Pro Se*

Get Outlook for Android

---

**From:** Rachel Awalt <RAwalt@celaw.com>
**Sent:** Tuesday, 22 September 2026 14:35:15
**To:** Abraham Thalos <abrahamrogerthalos@outlook.com>; Elliott Hood <ehood@celaw.com>



EXHIBIT A

**Cc:** Cary Carricato <CCarricato@CELaw.com>; Nicole Hosier <nhosier@celaw.com>
**Subject:** RE: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Mr. Thalos,

We write to confer regarding grounds for dismissal of your Second Amended Complaint. Below, we have outlined the specific grounds for dismissal we would raise if forced to file a dismissal motion. Please let us know if you intend to attempt to amend your complaint, or if not, whether you oppose our Motion to Dismiss. We are happy to confer with you further on any of the points raised below.

Our response deadline is September 30, 2026. If you require time to consider our conferral, that is fine, but we ask that you allow us to seek an extension of time to respond to the amended complaint if you need an extended period of time. We ask that you let us know your position by COB this Friday, September 25, so we can plan accordingly.

Thanks.

**Claim arising under 42 U.S.C. § 1981 (Race Discrimination in enjoyment of your Contract with DU Law/DU)**

- The Second Amended Complaint does not allege facts plausibly showing intentional race discrimination in the making or enforcing of a contract, nor facts plausible on their face linking the alleged conduct to racial animus, beyond conclusory statements. You have alleged no specific facts linked to your race to any adverse actions by Defendants. Along these lines, you do not plausibly allege that any race-based policy or intentional discrimination caused the alleged denial of readmission or other adverse actions.
- You do not allege any contract was in existence at the time of the October 27, 2023 communication, nor do you allege that the October response interfered with your right to contract with DU Law/DU. You do not identify the specific contract terms allegedly impaired, the particular contractual rights denied, or facts showing interference with the right to make, perform, enforce, or enjoy those contractual rights on equal terms with your peers
- You lack standing as you have no injury in fact sufficient to bring a claim under 1981. You were not a student at the time of the October 27, 2023 response, therefore, your right to contract was not impaired when you were informed you would have to re-apply via the normal admissions process, this was the normal admissions process any non-student would have to participate in. You do not allege nor provide facts sufficient to support a claim that your ability to re-apply via the normal admissions process was impaired or changed in anyway as a result of the October 27, 2023 response.

Again, we are happy to confer further at your request.

Best,

**Rachel Awalt**
*Attorney*

**Caplan & Earnest LLC**
3107 Iris Avenue, Suite 100 | Boulder, CO 80301
P: 303-443-8010 | F: 303-440-3967



**EXHIBIT A**

Rawalt@celaw.com
celaw.com | LinkedIn

CAPLAN & EARNEST ATTORNEYS AT LAW | BEST LAW FIRMS UNITED STATES 2026

This electronic transmission (including any attached file) contains information from the law firm of Caplan and Earnest LLC which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any review, disclosure, copying, distribution or other use of this information is prohibited.

If you have received this electronic transmission in error, please notify us immediately by telephone or by electronic mail (PostMaster@celaw.com).

---

**From:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Sent:** Tuesday, September 15, 2026 5:54 PM
**To:** Rachel Awalt <RAwalt@celaw.com>; Elliott Hood <ehood@celaw.com>
**Cc:** Cary Carricato <CCarricato@CELaw.com>; Nicole Hosier <nhosier@celaw.com>
**Subject:** Re: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Caution! This message was sent from outside your organization.

I have attached the email where it was submitted to the court

---

**From:** Rachel Awalt <RAwalt@celaw.com>
**Sent:** Tuesday, September 15, 2026 5:04 PM
**To:** Abraham Thalos <abrahamrogerthalos@outlook.com>; Elliott Hood <ehood@celaw.com>
**Cc:** Cary Carricato <CCarricato@CELaw.com>; Nicole Hosier <nhosier@celaw.com>
**Subject:** RE: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Good Evening Mr. Thalos,

We checked the docket today and it is not showing that the Second Amended Complaint has been filed. Can you please confirm you still intend to file the Second Amended Complaint today?

Best,

**Rachel Awalt**
*Attorney*

**Caplan & Earnest LLC**
3107 Iris Avenue, Suite 100 | Boulder, CO 80301
P: 303-443-8010 | F: 303-440-3967
Rawalt@celaw.com
celaw.com | LinkedIn

CAPLAN & EARNEST ATTORNEYS AT LAW | BEST LAW FIRMS UNITED STATES 2026

This electronic transmission (including any attached file) contains information from the law firm of Caplan and Earnest LLC which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any review, disclosure, copying, distribution or other use of this information is prohibited.

If you have received this electronic transmission in error, please notify us immediately by telephone or by electronic mail (PostMaster@celaw.com).

---

**From:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Sent:** Monday, September 14, 2026 3:47 PM
**To:** Elliott Hood <ehood@celaw.com>
**Cc:** Rachel Awalt <RAwalt@celaw.com>; Cary Carricato <CCarricato@CELaw.com>; Nicole Hosier <nhosier@celaw.com>
**Subject:** Re: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Caution! This message was sent from outside your organization.

Mr. Hood,

Please find the previously discussed Second Amended Complaint attached. I will be filing this today.

Sincerely,

Abe Thalos
Plaintiff *Pro Se*

Get Outlook for Android

---

**From:** Nicole Hosier <nhosier@celaw.com>
**Sent:** Tuesday, 01 September 2026 10:21:41
**To:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Cc:** Elliott Hood <ehood@celaw.com>; Rachel Awalt <RAwalt@celaw.com>; Cary Carricato <CCarricato@CELaw.com>
**Subject:** RE: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Good morning, Mr. Thalos,

As requested, please find ECF Docket Numbers 29 and 30, regarding the above-referenced case.

Thank you,

**Nicole Hosier**
*Legal Assistant*

**Caplan & Earnest LLC**
3107 Iris Avenue, Suite 100 | Boulder, CO 80301
P: 303-443-8010 | F: 303-440-3967
nhosier@celaw.com
celaw.com | LinkedIn

---

**From:** Elliott Hood <ehood@celaw.com>
**Sent:** Monday, August 31, 2026 9:24 PM
**To:** Abraham Thalos <abrahamrogerthalos@outlook.com>; Cary Carricato <CCarricato@CELaw.com>; Rachel Awalt <RAwalt@celaw.com>



EXHIBIT A

**Cc:** Nicole Hosier <nhosier@celaw.com>
**Subject:** RE: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Nicole can send you those tomorrow morning.

---

**From:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Sent:** Monday, August 31, 2026 9:17 PM
**To:** Cary Carricato <CCarricato@CELaw.com>; Rachel Awalt <RAwalt@celaw.com>
**Cc:** Elliott Hood <ehood@celaw.com>; Nicole Hosier <nhosier@celaw.com>
**Subject:** Re: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Caution! This message was sent from outside your organization.

Counsel,

Would you please send me courtesy copies of ECF Nos. 29 and 30 in Thalos v. University of Denver et al., Case No. 1:26-cv-01010-NRN?

The public docket sources I have access to show that ECF No. 29 was filed and that the Court entered ECF No. 30 on August 31, 2026, but they are not currently displaying the underlying documents. I would like to confirm the substance of the extension request and the Court's order, including the operative response deadline.

Thank you,

Abraham R. Thalos
Plaintiff, pro se

Get Outlook for Android

---

**From:** Cary Carricato <CCarricato@CELaw.com>
**Sent:** Friday, 28 August 2026 18:48:14
**To:** Abraham Thalos <abrahamrogerthalos@outlook.com>; Rachel Awalt <RAwalt@celaw.com>
**Cc:** Elliott Hood <ehood@celaw.com>; Nicole Hosier <nhosier@celaw.com>
**Subject:** RE: 26-cv-01010-NRN - Thalos v. University of Denver - Second Unopposed Motion for Extension to Answer

Mr. Thalos:

Attached is Defendants' Unopposed Motion for Extension to Answer or Otherwise Respond to Plaintiff's Complaint filed with the Court this afternoon.

**Cary Carricato**
*Paralegal*

**Caplan & Earnest LLC**
3107 Iris Avenue, Suite 100 | Boulder, CO 80301
CCarricato@celaw.com
P: 303-443-8010 | F: 303-440-3967
celaw.com | LinkedIn



EXHIBIT A

CAPLAN & EARNEST
ATTORNEYS AT LAW

BEST LAW FIRMS 2026

This electronic transmission (including any attached file) contains information from the law firm of Caplan and Earnest LLC which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any review, disclosure, copying, distribution or other use of this information is prohibited.

If you have received this electronic transmission in error, please notify us immediately by telephone or by electronic mail (PostMaster@celaw.com).

---

**From:** Abraham Thalos <abrahamrogerthalos@outlook.com>
**Sent:** Tuesday, August 25, 2026 3:12 PM
**To:** Rachel Awalt <RAwalt@celaw.com>
**Cc:** Elliott Hood <ehood@celaw.com>; Nicole Hosier <nhosier@celaw.com>; Cary Carricato <CCarricato@CELaw.com>
**Subject:** Re: 26-cv-01010-NRN - Thalos v. University of Denver - Conferral on Grounds for Dismissal

Caution! This message was sent from outside your organization.

Ms. Awalt:

Thank you for your email. I oppose dismissal of my claim under 42 U.S.C. § 1981. I intend to file a further amended complaint addressing the pleading matters identified in your email. The further amended complaint will not assert a cause of action under Title VI.

Because the docket includes prior amended pleadings and the current court-approved form complaint was filed pursuant to court order, please confirm that Defendants consent in writing under Fed. R. Civ. P. 15(a)(2) to my filing a Second Amended Complaint on or before September 15, 2026. My decision not to replead Title VI is not a stipulation to dismissal with prejudice.

I do not oppose a corresponding extension of Defendants' deadline to answer or otherwise respond, calculated under Rule 15(a)(3) after service of the Second Amended Complaint.

If Defendants do not consent, please advise promptly. In that event, I oppose the contemplated motion and will seek leave to amend.

Regards,

Abraham Roger Thalos
Plaintiff Pro Se

Get Outlook for Android

---

**From:** Rachel Awalt <RAwalt@celaw.com>
**Sent:** Tuesday, 25 August 2026 14:41:39
**To:** abrahamrogerthalos@outlook.com <abrahamrogerthalos@outlook.com>
**Cc:** Elliott Hood <ehood@celaw.com>; Nicole Hosier <nhosier@celaw.com>; Cary Carricato <CCarricato@CELaw.com>
**Subject:** Re: 26-cv-01010-NRN - Thalos v. University of Denver - Conferral on Grounds for Dismissal



**EXHIBIT A**

Dear Mr. Thalos,

We write to confer regarding grounds for dismissal of your amended complaint. Below, we have outlined the specific grounds for dismissal we would raise if forced to file a dismissal motion. Under Rule 15, you may amend your complaint once as a matter of course, and we ask that you consider doing so to attempt to address the issues we raise. Along these lines, we ask that you dismiss your Title VI claim given the lack of any allegations supporting it and the relevant statute of limitations. Please let us know if you intend to do either of those things, or if not, whether you oppose our Motion to Dismiss. We are happy to confer with you further on any of the points raised below.

Our response deadline is a week from tomorrow, September 2. If you require time to consider our conferral, that is fine, but we ask that you allow us to seek an extension of time to respond to the amended complaint if you need an extended period of time. We ask that you let us know your position by COB this Thursday, Aug 27, so we can plan accordingly.

Thanks.

**Claim One: 42 U.S.C. § 1981 (Race Discrimination in enjoyment of your Contract with DU Law/DU)**

- The Amended Complaint does not allege facts plausibly showing intentional race discrimination in the making or enforcing of a contract, nor facts plausible on their face linking the alleged conduct to racial animus, beyond conclusory statements. You have alleged no specific facts linked to your race to any adverse actions by Defendants. Along these lines, you do not plausibly allege that any race-based policy or intentional discrimination caused the alleged denial of readmission or other adverse actions.
- You claim that you were treated as a member of a racial minority group and reference invitations to race-based orgs and differential GPA standards but fail to provide factual details about how those policies and orgs specifically burdened you or caused a § 1981 injury.
- You do not plausibly allege any contract-related interference. You do not identify the specific contract terms allegedly impaired, the particular contractual rights denied, or facts showing interference with the right to make, perform, enforce, or enjoy those contractual rights on equal terms with your peers.
- The one alleged hostile environment incident with a professor is not a cognizable theory of a § 1981 claim as pled, and in any event, the statement has no cognizable connection to race or to impairing a contractual right between you and the Defendants.
- The § 1981 claim is predicated on events occurring sometime in August 2021. This claim may be untimely and barred under the applicable statute of limitations.

**Claim Two: Title VI, 42 U.S.C. § 2000d**

- The Amended Complaint fails to plead a separate Title VI cause of action despite listing Title VI in the Jurisdiction section of the Amended Complaint, and therefor, there are no supporting facts or elements sufficient to bring a Title VI claim. The absence of any factual allegations under Title VI fails to provide fair notice or a plausible basis for relief.

- Any claims arising under Title VI are barred by the SOL of two years. Pursuant to 10th Circuit precedent and Colorado law, the statute of limitation for Title VI claims is 2 years, and the only alleged date in the complaint is August 2021.
- The Amended Complaints fails to allege that DU receives federal funding, which is a required element for this claim.
- The Amended Complain fails to allege intentional discrimination under Title VI. The generalized references to "race-based" policies and organizations does not specify intentional discrimination under Title VI and no Title VI facts appear under Claim Two.

Again, we are happy to confer further at your request.

Best,

**Rachel Awalt**
*Attorney*

**Caplan & Earnest LLC**
3107 Iris Avenue, Suite 100 | Boulder, CO 80301
P: 303-443-8010 | F: 303-440-3967
Rawalt@celaw.com
celaw.com | LinkedIn

CAPLAN & EARNEST ATTORNEYS AT LAW | BEST LAW FIRMS RANKED BY Best Lawyers UNITED STATES 2025

This electronic transmission (including any attached file) contains information from the law firm of Caplan and Earnest LLC which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any review, disclosure, copying, distribution or other use of this information is prohibited.

If you have received this electronic transmission in error, please notify us immediately by telephone or by electronic mail (PostMaster@celaw.com).



EXHIBIT A